Good afternoon. This is the first district of the Illinois appellate court first division. My name is Terry Lavin. I'll be presiding today Along with my colleagues justice. Really a puchinsky and justice Michael Hyman We're looking for maybe 20 minutes apiece save some time for rebuttal if you're the appellant And if you're ready to proceed, please go ahead Before we do just to clarify did I hear from the clerk? Mr. Anderson is on Yes Great. Okay, please proceed counsel Thank you. May it please the court? I'm Debra Lovie from the exoneration project on behalf of the appellant George Anderson And before I begin I'd like to let the court know I appreciate the RIT allowing. Mr. Anderson to be here with us this afternoon It has been an honor to represent him Mr. Anderson is a lovely man who has patiently waited since the early 1990s for someone to hear his outcry about the torture that induced the key inculpatory evidence against him in two unrelated murder cases Mr. Anderson's outcry in the early 1990s almost sounded too horrible to be true But we now know that the very specific and idiocy and craft that cratic methods that he was describing routine among the underlings a former commander John Burge We've read we've read the briefs a lot left to read here a lot of briefs and a lot of interesting reading my first question is a Little bit in your reply, but in your opening review didn't talk about the standard review And the state did do you agree with the state's analysis of the standard review that we use throughout this case? No, your honor and we didn't discuss the standard review We what our contention is is that a legal error was committed that the lower court? Was tasked with an objective test What's the standard of review I'm not here with the standard you exact so though because there was a legal error this court should conduct a de novo They know of that mistake absolutely Although as we do in the briefs I contend that we win under any of the standards But there was a legal mistake at the outset that this court made it just applied the wrong test and and in doing so Neglected to conduct the objective test that was required of it And in that case there is when this court is clear when there's a legal error like that Was it was that mistake made in the first order by judge hooks of the second order I'm sorry in the In terms of the standard of review you did in the burdens you indicated that the judge made a mistake, right? Applied the wrong standard. My question is there were two orders entered by the trial court here one on January 6 2020 and the other Two and a half months later and March 16 2020. Is that correct? I'm assuming you have the dates, right? But yes, there were two orders that were entered in the second order, which is the one that's governing below Why were why was there a second order entered? We had filed a petition for rehearing and the judge clarified a few things Okay, but you took a lot out and did some of the stuff that he take out Apply to the Arguments that you're making in terms of the standard of the burden of proof and standard of review No, my arguments are addressing the most recent order the one that the governing order the second order the amended one and I I understand that the reason why the court would have we would have jurisdiction to cover that is because you filed a motion to reconsider or rehear or There was an amended notice of appeal that then occurred to cover both and Nobody has contested the jurisdiction at this point art when there was a jurisdiction at heart, you know something we have to consider as you know Absolutely, you know, you're no rookie here My question is my question is what happened between 1 6 and 3 16 for the court to come out with a second order What prompted it? I? Know I I crossed my cases. I don't recall. I assume a petition for rearing, but I don't recall for sure What I do know and can tell you is we filed an amended notice of appeal to make sure that there were no jurisdictional problems Well, no, I saw I saw the amendment I saw the I Saw that too, but what I didn't see was what would be in between I didn't see any petition for rehearing And again, this is a voluminous record, but it is a voluminous record I don't recall there being one I could very quickly look at by a Jurisdictional statement, which would yes. No, it does not appear that there was one. Yeah. Okay. All right, go ahead Let me ask the next question so There's a lot here do you say and there's a lot that you say the judge did wrong, okay Some of this is more telling than others as far as our reversing What would you say are your your major argument? I mean the one does a sure grand slam and there may be more than one I understand But let's not say they're all grants, but give us the ones that you think are definitely, you know The others may be three basers two basers. Okay, but what are the best ones? I hear it Well, the grand slam in my opinion is that the court applied the wrong standard and when you apply the correct standard the objective test whether or not the outcome of the suppression hearing would likely have been different since back then if the officers who denied harming Mr. Anderson had been subject to the impeachment evidence based on the pattern and practice evidence I think that once you take that to the objective level there can be no question That we would prevent objectively speaking the outcome could Likely would have been different and this is evidence that has been credited in case after case in Jake's and plumber and Claiborne Smith in Tyler Excuse me These are detectives who all worked under birds at the time of the interrogations They had you know kill could have been impeached 40 Turk claims of abuse Halleran and O'Brien had 50 claims of peace all of them have invoked the Fifth Amendment at one time or another And what judge hooks did was he looked at whether or not he personally believed that these notorious birds protégées were abusive but didn't ask the correct question of the Probabilistic question of what likely would have happened if at the time of the suppression hearing. Mr Anderson could have presented this evidence and had that question been asked the way the suppression hearing is structured Mr. Anderson would have presented a prima facie case I've been abused and then the state carried the burden of proof after that at which point they had to prove that The abuse did not happen and they would all of the detectives would have been impeached with this mountain of evidence That showed that they had abusive tendency and that they could not be trusted and as for your question Judge I met just a time and about the slam-dunk the detectives never even denied the violation of the right to counsel Mr. Anderson made a prima facie case that he was denied his right to counsel that he asked detectives kill O'Brien and Stelic for a lawyer The only one who ever denied this one was just was detective Halloran the state carried the burden of proof It shifted from once that first case was made the state carried the burden of proof Detective kill never made that denial. He never said that he didn't And you have all this evidence that was sort of his modus operandi He was not giving people the right to counsel. He was not honoring that right and he is now deceased So the state will never be able to meet that burden of proof They had the opportunity to do so and they failed they did not ask kill to he never denied it They never asked him and it was their burden And so there's another slam-dunk for you as to how you know this suppression hearing when you go back and look And all of this evidence against these detectives back when that suppression half the hearing happened There's no question Okay, and what you're asking us to do is to Vacate the conviction and send the case back for a new trial and have this evidence barred Correct. Yes, we're asking to vacate the conviction send it back The court can't take the additional step of barring this evidence for the court You know the Torture Act gives the court wide discretion under section 50 a it talks about appropriate order But the last thing blessing you need is another suppression hearing right? Unquestionably one on the violation of right to counsel if nothing else because you know, I Positively one on all of it, but that one's you know, a nice clean easy one I would suggest that the appropriate remedy is to vacate the conviction and suppress the statement But at bare minimum the conviction needs to be vacated. It needs to go back to square one That's what this court did in in Gibson They vacated and ordered a new trial and a new judge Jackie Wilson. The conviction was vacated Remanded for a new trial in Anthony Jake's which was consolidated with this case The conviction was vacated the charges were now laid so you could see all sorts of different things might happen upon that but at the bare minimum the conviction should be Vacated and the statement should be suppressed. Okay, that's all the questions. I have anything else for my colleagues. Yes question with regard to the judge Declining to make adverse inferences against the detectives That's a discretionary call and What's your response to I don't think you Not sure you responded that or not in your brick in reply brief This is the difference between the objective and the subject so what what the judge did was he said I'm going to Refuse to accept any allegation Where the officer denied the content conduct so kill says I didn't do it. That's good enough for me But if you're looking at what? Likely would have happened at the original trial That's an objective test and the judge and the judge below did not do that Just judge hooks also categorically refused to credit any evidence where the officer wasn't asked where there was evidence that said This officer abused me and the officer neither admitted nor denied it judge hooks eliminated all that He eliminated categorically all evidence where the OPS didn't substantiate and we know now that at that time OPS wasn't substantiating any And he can categorically refused to draw any inference from the Fifth Amendment invocations, so judge hooks personally decided I'm just not gonna believe evidence if the Denied it or didn't deny it, but he didn't admit it But that was not the objective test and that's why there's no deference owed to those sorts of decisions What he was supposed to ask is if there had been a suppression here and put this likely have changed the outcome And when you ask that proper question, the answer is unquestionably. Yes, I mean this was such on-point pattern evidence because What happened here was at the height of the Burge crisis Burge was still commanding when these interrogations happened So you have evidence like Ivan Smith who was abused by the same officers and he gives the same very idiosyncratic description of a of a phone book and a blunt object in a torso beating three, you know, just Months after what happened to mr. Anderson and he testified after mr. Anderson I mean, that's one heck of a coincidence now just judge hooks decided I'm just not gonna believe it But that wasn't the question it wasn't supposed to be do I personally in my heart of hearts think Ivan Smith is telling Is lying to me and that this is just a very odd coincidence The question is would this have likely changed the outcome and that's why it keeps coming back to this Using the wrong standard is really what is the heart of the wrong ruling? So you have evidence, you know, I've been Smith Jesse Clement and Cortez Brown We're also both beaten with blunt objects by O'Brien close in time Anthony Jake's who presented evidence in this same hearing about killing Boudreaux abusing him just weeks later That many many many courts have credited and the fact that judge hooks personally didn't believe it is not what governs here and It's not Oh deference because he was using the wrong method of adjudication. I Have a the other question is section 5 of their Of the response is the one you didn't respond to that had to do with the evidence of The doctor that could Decke. I didn't see any response to that in your reply There was a brief response, but I mostly relied on the on the briefs now, you know as the court knows we don't have medical proof of the injury But dr Kudeki was the treating doctor who went in who did the UPJ surgery and who said that that the scar of Was consistent with the torture so you have medical evidence that you know and judge hooks decided that it was too attenuated and You know, there were questions back in the early 90s about you know, how far to push these sorts of abuse allegations they all seem to Too wild to believe and I think litigation Strategies were made based on that because it was just such egregious stuff That's why the torture egg is so important because we know things differently and certainly if You know the court chose to remand without suppressing the statement and the state wanted to introduce the statement that there was a new Suppression hearing that medical evidence would be presented and I think it would play out very differently Now when you have all the evidence these detectives were routinely using the telephone book Object beating the torso and that mr. Anderson suffered in a way that It was consistent timing wise and scar tissue wise and only on the left side where he's beaten wise That strongly suggest the medical evidence You know supports what he is saying happening. It's not evidence. He needs to have And this was you know, we were very conscious of space in the reply brief To came in just squeaked right by there, which is why we chose to rely primarily on the opening But it is strong evidence yet again that this of it this suppression hearing would have looked Excuse me, very different if we had known What we know now about these abusive detectives my last question has to do with You mentioned how? Your client has been waiting a long time and has been a long time But you know things began to happen in the 2000s and Here we are Just past 2022 into 2023 and this is one of the early What you see, you know with the hey time of this Burgess Evilness Why is it taken so long in this case? What how what would you you know, you know, whoever is I don't know a lot of people to blame System, how would you characterize? What why we are doing this now as opposed to some years ago as with some of the other people that you discussed? It is one of the tragedies of this of the system justice. I'm and I I know that mr Anderson has simultaneously been litigating a post-conviction petition the Torture Act, you know, some of these claims take a long time I'm appellate counsel. I know I certainly met my deadlines as quickly as I You know, I'm not I'm not saying you but what is it about this? No, but I mean there's something in the system Is what you're saying? Why is that? I mean, this is one of the more Important things with regard to how our government operates, right? When somebody is abused and tortured and and that this should take this long I'm just trying to to find out why This this happened, I mean you say it happens, okay It's tragic I wish I could say he's my only Burge era appellate client he's not These these cases take a long time to wind through the system And that's one of the tragedies is that you have people like mr. Anderson. Like I said a lovely man I'm glad that he's been able to be here listening to us. He's been waiting a long long time for justice I hope the court can expeditiously offer Okay, let's hear from the state Thank you very much. Your honor as I said before Andrew Levine and behalf of the state You know, I guess let's just make a couple preliminary remarks and of course address any questions you have Or in a few points that were just made by counsel What's permeating the brief first of all with respect to the standard review? It's not to know We've said it extensively in our brief and I think this is a manifestly erroneous standard with respect to judge hooks's determinations Is the terminations? If it's an error Well, they're factual and credible I mean I think this goes to the heart of what they're arguing between the subjective and the objective and I believe it would be a manifestly erroneous standard with respect to judge hooks's determinations as to the credibility or his Conclusions regarding certain facts in the case before him and I think their argument basically I think there's two main points that they're making one the objective subjective issue Which I think stems primarily from world and I'll get to that in a moment And then I think the second point has to do with the pattern and practice and his conclusions About the admissibility or inadmissibility of some of those Let me start with the world part We're all I think is is is easy on its face to distinguish between the case here and what happened there I don't think there can be much doubt that judge hooks Wreck first of all judge hook is very well-versed and very well aware of the history of the Chicago Police Department He's very well aware of torture claims. He's very aware of the coercion He had the Wilson case and in this court I'm sorry, your honor. I said so did we? Absolutely, and I think that when this court recognizes that he applied the standard of law properly and Wilson recognized Was it what it was and followed the law and I believe in this case? He did the identical thing in in in world However, as a distinguishing point the judge misunderstood the role of the hearing In fact is this court quoted judge Alonzo where he said Pianta in fact tortured. Mr Whirl and coerces confession and that was the inquiry. That's not the inquiry It's whether or not the outcome of a new suppression here would likely be different if the officers Were were subjected to impeachment with a newly discovered evidence Judge hooks clearly understood what the proper standard was and he applied that here. Why do you think he clearly understood? I know he says it early on but he seemed to read state later on how he was Deciding the case and it was not that standard. Well, I think what judge did was he decided? That under that standard that they were not likely to I think recognizing the severity and the remedial nature of the Turk proceeding especially with respect to Christian and the other cases that define the Burden shifting in the proceedings proceedings in a Turk hearing. I think he did determine that there was not a likelihood That the outcome would be different. However, given the strength of the case He also found that there was in fact voluntariness of it. So he went that extra step however I don't believe he needed to because I believe he found initially that they didn't sustain the burden and show that it would likely be An altered outcome on rehearing but nonetheless he did go that extra step acknowledged that and he found that there was no coercion But the other point with respect to world your honor is that you know in world You had Pianta who got on the stand and took the fifth and you had the state agreeing that if five or six other officers I believe it was were called to the stand. They would also invoke the fifth. So here Markedly different than that. Every single officer got up on the stand was subjected to cross-examination Judge hooks heard it They were subjected to cross-examination with the same Allegations that the petitioner in this case bears the burden on in order to demonstrate that a new outcome would be likely Judge hooks essentially had a suppression hearing without it being labeled as a suppression hearing He went through that analysis and ultimately did decide that it was voluntary. So you admit that this is The kingdom suppression here I'm sorry, you admit that it this was a keen, you know, so let's say it's depression. Okay. Yes, your honor I absolutely do admit that I don't believe that he needed to get there because I think the initial burden but he did Absolutely, your honor that's exactly what I believe and I believe that they were afforded the opportunity Judge hooks was to assess the strength So not only did he make a decision that it wasn't likely to alter the outcome He heard it Anyway, it made that decision and I think that's important but the other critical point of distinction on from world Which I think goes to the heart of this Objective and subjective is the consistency of the testimony in world by mr Whirl and his brother I believe it was who testified and the state actually Agreed that the brother was a credible witness in that case world never changed his story in this particular case You've got Anderson testifying under oath and this goes to the judicial admissions And I think they conflate that with a judicial waiver argument, but you have Anderson testifying under oath at his motion to suppress That Boudreaux never struck him and never injured him and these are of course made in detail in the briefs You also have him testifying at the trial at the Miggins trial that he was treated Well, and in this case, they tried to call their former PD without judge O'Hara who got up in the stand? He didn't corroborate the explanation that they're trying to give you Trying to avoid the outcome and the effect of a judicial admission Those are judicial admissions and if there's a judicial admission, you're not give me one case and you don't cite in That has a judicial admission in a criminal case Well judge what I would say is that Christian recognized that this is a civil proceeding So if Christian recognizes that a Turk proceedings that again is is a civil proceeding that's certainly the rules I Think you know that to me is evident both ways because you're taking a criminal case It's in the criminal dimension then you're using it as a judicial admission You know, it's not a civil case and there are and there is no case No criminal case cited by the judge and there's no criminal case cited by you And I want I want to just take a one second say you do cite a criminal case but if the case was a rule 23 case, right and and You do know that you're not allowed to cite rule 23s before 2021. Do you understand that? I do understand that you did it But the brief has at least three instances of violations of the Supreme Court rules that the state has violated the rules You understand that too. I do your honor and that wasn't in there and I actually have another Issue with the brief that we submitted that I was gonna actually okay. I know I appreciate that So but but going back to the point is all the cases Are civil cases are the ones that you say and the ones that judge sites and there is now one criminal case that that's out there, so I think that says a lot about your argument Well, I think it says well, I think it says something about the argument but it doesn't give you a basis to over to judge hooks ruling because whether your honor were to determine that he was a stopped from making bound by a judicial admission or not Judge hooks still heard the testimony and still given the proceed the posture of the case had to decide the credibility So judge hooks would be entitled to a manifestly erroneous standard with respect to his findings of a lack of credibility I mean, so you you think that our Order one way or the other it has to be based on the manifest weight of the evidence in order to Reverse it. Let's say it would have to be that his findings were against the manifest way to the evidence, right? I do judge. Okay do justice. Yes, I absolutely do So I I think there's the multiple points of distinction with respect to world and Specifically the there you had a consistency here You have a total a lack of consistency factually with respect to the testimony which brings the credibility Decision in right front and center for the judge hooks. The second point I guess would be the main point and there is a lot Sure going back to world sure Isn't it exactly like world that here the judge Did decide the ultimate issue of whether the confession was first or not Isn't that exactly what the judge did and that's what world says you can't Yes, judge. I agree with you that he decided the ultimate issue But the way that judge judge hooks did not look at this case through the lens that judge Alonzo looked at Viewed world and and I think judge hooks was very well aware of this this court's rulings in World and the subsequent cases Wilson in terms of procedurally how you need to go through this and I believe that judge hooks clearly Determined that they were not likely to alter the outcome of a new suppression hearing and could have stopped there however, I think judge hooks I Mean he he he in his opinions went so far as to say he viewed George Anderson as He he went to that length because after deciding that he couldn't sustain his burden He gave him the benefit of the doubt and went a step further I think there are a lot of determinations in judge hooks opinions, which are not necessary for the ruling that he gave us however, they do not Impacted they don't nullify it and they're not inconsistent with it But he absolutely went this next step after deciding they couldn't sustain their burden and said looked at it and said, you know I'm gonna look at this and I find that it is voluntary and is not the product of coercion So I think it's just although the in in some sense you can say well the same words are there So isn't that the same as world? But I think it's markedly different because he went through it in 50 pages a very detailed analysis until he did come up with that Conclusion he absolutely made that finding but I don't think it's germane to the ultimate ruling or the or the process The burden shifting that's supposed to go through in a situation like this Counsel Mr. Anderson was arrested in 1991. Is that correct? Yes, I was in 1994 when with the motion to suppress filed in 1994. So from 1991 to 1994. He's telling his attorneys that he was abused The petitioner's brief says that his attorneys confirmed that and For example the truck says oh he jumped on the torture bandwagon the torture bandwagon didn't really get any legs until the Egan report in 2006 and certainly Wasn't rolling along until the Turk act. So I don't know what bandwagon he's talking about Well, I I think he's talking about the Bandwagon is the Subsequent it's the heart of the case and stuff that the newly discovered evidence trying to conform your prior testimony, which didn't make any claim against Boudreau which sworn testimony In a trial saying that you were treated. Well You know, I'm trying to conform that to events that occur after the fact So I would interpret that as that but I don't know exactly and I think it went more. I'm sorry and it's sort of sort of a circular argument because if the confession was coerced and in if in the trial he was asked to confirm a coerced confession and So what the confession was confers can coerced so you you you know hang somebody from a hook in the wall and Beat him with a rubber hose and a phone book and then I get a coerced confession out of home And then at trial you say isn't it true that you confess to this and when you confess to this you said? Oh, the police didn't torture me, but the confession itself was coerced. So Well, what good is that? I mean, I just think it's circular logic Well, I don't know if it's circular because the medical evidence certainly is not new So when you're you have you can't go back now claiming abuse where you have absolute Medical no scientific support for the claims that there was abuse no supporting records. You have a document an affidavit filed by. Mr Anderson it found determined by judge hooks in his opinion where the first claim of pain was over a year later You have a surgery for this UPJ obstruction in March of 1993 Yet you have a motion to suppress hearing in January of 1994 we're not only is it not mentioned but his own lawyer got up in the proceeding in front of judge hooks and Specifically testified and he mentioned to me that any of this supposed injury that he is now saying relates to this Happened I would have sent a subpoena So he has a total not only a lack of cooperation by his former lawyer, but I would submit to the court that he has Contradictory evidence by his former lawyer and in a instant, you know what judge hooks meant I think it really may have went to the credibility a lack of credibility as well But I certainly think that the lack of scientific support Doesn't is is important. I'm in fact here. We had this. Dr. Krudecky who was his his Medical Expert his opinion was that within a reasonable degree of certainty something was possible I I would have struck in the asked to move to that that not even be admissible had I been Handling the trial but for our purposes, I don't think there can be any weight to that So again, even in this day and age with the experts testimoning testifying now You still don't have any corroborative medical evidence. So I think that that's It runs counter to his claim of abuse and I think that's important as well Okay, let's hear from some rebuttal Yeah, I think I don't know Are you finished? Mr. Levine? Oh Yeah, I ran long. I apologize yarn, I think we I Think the other question they asked very briefly was that on the on the Fifth Amendment issue I think one of you had asked about that in the adverse inferences themselves are permissible. They're not mandatory But it's not an abuse of discretion for judge hooks not to take an adverse inference here particularly where the officers did all get up and testify and then on the on the Final point your honor. Well, wouldn't it be? Yes logical to say that It's a very rare case where an abuser or torture admits to their conduct Very very rare. In fact, that's why they took the fifth in cases after this. So Why should we believe you know, the judge says hook line and sinker believe that these are people that are known to have committed these acts and in acts of Alight to what we're talking about here. So I mean You know common sense has to have something to do it because I think what judge hooks did is I think he did a great job Recognizing that his obligation was to decide the case that he had in front of him It doesn't matter and it I want to say it doesn't matter Of course, there is significant abhorrent acts that we're talking about but judge hooks who in many cases many many cases Has ruled in favor of the petitioners and in favor of defendants and found adversely and didn't believe the credibility of the testifying officers It did not have officers hiding behind the Fifth Amendment They testified not only did they testify George Anderson testified and he had to assess their credibility And before you can even get to any pattern evidence and any other acts evidence You have to first decide what happened here and he went through in painstaking detail Using the Hobley lens using the Patterson lens of why these other bad acts that are alleged are Or are not relevant here and whether they don't or don't carry water And I think that judge hook should be credited for that because it's obviously recognizes the historic context of this case the remedial nature of the Turk proceeding but despite that he still made a very Lengthy detailed determination of what happened in the case in front of him and I think that that is commendable Especially the length of the opinion. My last question. Sure Johnson which came out before you write Filed your brief, which is in the reply brief, but not in your brief Can you just tell us your reaction to that? Yes, and that's the second point that I was going to make other than the rule 23 opinion I agree with your honor and I believe that Johnson did carve out somewhat of an exception to the notion that the Relevant to certain post-conviction claims, but I think Turk is carved out from that and to the extent we argue that in our brief I'm going to withdraw that Thank You. Thank You Okay, there's lovie. Thank you You know, we're all human but we all have off days I have nothing but respect for judge hooks But his off day has caused mr. Anderson life in prison without a hearing on some very serious and compelling torture claims What we just heard from the state was counsel admitting to judge hooks's error and that explains why we have a different of opinion What the standard of review is counsel admits that what judge hooks did was basically conduct a suppression here Do I do I believe this evidence? And that's why he's asking for a manifest manifest way to the evidence Standard of review, but that is not what the law says that he was required to do and it's not just It's Wilson this court paragraph 52. It's plumber paragraph 98 and it derives from Patterson What it says is when we're looking at these torture cases, it is actually a temporal question Not not what do I think but what is if there had been? This evidence available the time of the suppression here what the outcome of that's That suppression likely have been different if the officers who denied the harm had been subject to impeachment Based on the pattern of practice Judge books made a mistake He instead conducted his own suppression hearing skipped a lot You can't change the rules like that and then change the standard of review based on the change of rules and then deny mr Anderson relief what the law says is that that's the standard judge books didn't do it So therefore he never conducted this analysis There's nothing for this court to actually defer to because he as counsel admits he never conducted the objective test he only did the personal subjective us and that's why this board has a de novo review and When you take the test from the objective perspective There can be no question. Mr. Anderson prevails now Understand the judge hooks findings make it clear that he didn't believe mr. Anderson or he didn't like mr Anderson or whatever But the law is really clear that that does not even come into play until you get to the burden of persuasion the first question is Whether or not the state meets its burden of proof in light of the impeachment So when you do things in the proper order Allegations of abuse and then the next thing that happens is do the officers get impeached and I'm quoting here from Galvin It's paragraph 74 because I think it's really relevant Galvin court writes the credibility findings made by the court against the defendant were not relevant to the issue of whether Detective Switsky's credibility at the suppression hearing might have been impeached as a result of the new evidence that Detective Switsky participated in systemic abuse under Patterson So you don't even get them and similarly in Gibson at 120 and at world at 87 This court has looked at what do you do if the defendant is a little bit off? You know has some differences because it's been decades and maybe he can be impeached on this or maybe we're not quite sure whether he's Telling the truth on that and the court time and time again says the first thing you have to do is ask about this impeachment Question and that's what matters and you know at the end of the day the reason why they do this is because at the end of the day Even if some of the details are off You can't remember whether you know who did what who hit him who punched him the core allegations have been there since the 1990s since the early 1990s and and as judge Puchinsky Pointed out that's not that's not a bandwagon at that point. You know, nobody knew about these things They were so outrageous that nobody had heard of such a thing and Counsel tries to argue here that That the original defense attorneys undermined these claims and that is absolutely not true These attorneys both judge Katz Both both judge Katz and judge O'Hara Admit that back in the early 90s. These were the allegations that Mr. Anderson was being made now whether or not everybody remembers exactly to what degree the medical stuff was brought up But whether they made the connections whether you know, one of them is misrepresented this way remembering whether or not they made the connection between the surgery he needed on his left side and The torture that he endured given that there was a time gap You know, that's neither here The important things are that they substantiate the claims The claims have been made since that early and when you conduct the objective test These officers would have been impeached. Okay Thank you very much both of you for your briefs and your arguments we've been down this road before in other cases and we'll go down the road again in this case and We'll be back to you directly with our decision